## Abstract of the Decision.

1. ACCORD AND SATISFACTION, § 4*—*when acceptance of check constitutes.* Where a claim is unliquidated and the amount due is not ascertained and fixed, and a check is tendered indicating that it is to be in full of the account, the acceptance of such check by the creditor constitutes an accord and satisfaction.

2. ACCORD AND SATISFACTION, § 8*—*what weight given denial of creditor that check had words indicating full payment of indebtedness upon it at time received.* In an action to recover the alleged balance due on an account for goods sold and delivered, in which the defense was an accord and satisfaction by giving of a check, *held* that, under the facts in evidence, plaintiff's denial that the check had the words "in full payment of all demands up to date" upon it at the time he received and cashed it, was entitled to little credence.

## Charles S. Rieman, Defendant in Error, v. Edward W. Morrison, Plaintiff in Error.

### Gen. No. 22,549.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HARRY OLSON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1916. Affirmed on remittitur; otherwise reversed and remanded. Opinion filed October 9, 1917. Rehearing denied October 20, 1917.

### Statement of the Case.

Action by Charles S. Rieman, plaintiff, against Edward W. Morrison, defendant, to recover on a contract for service as attorney. From a judgment for plaintiff for $90,188.01, defendant brings error.

The contract upon which the action was brought was considered in 184 Ill. App. 20, and also in 264 Ill. 279.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

JAMES R. WARD, for plaintiff in error.

FYFFE, RYNER & DALE, DANIEL W. SCANLAN and COLA G. PARKER, for defendant in error; IRA RYNER and COLA G. PARKER, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the court.

## Abstract of the Decision.

1. EVIDENCE, § 351*—*when parol evidence is admissible.* Where a contract which is the basis of litigation is not clear as to the subject-matter, parol evidence on such point is admissible.

2. ATTORNEY AND CLIENT, § 135*—*what property shown to be subject of contract for services.* In an action by an attorney to recover on a contract for a percentage of all property recovered by plaintiff, or through information furnished by him, from persons wrongfully withholding it from defendant, evidence *held.* sufficient to show that the contract covered a large amount of cash, bonds, real estate and other property which had been obtained from the wife of defendant by certain friends and servants of the family.

3. ATTORNEY AND CLIENT, § 135*—*what must be shown in action to recover on contract for services for recovering or aiding in recovering property wrongfully withheld from client.* In an action by an attorney on a contract for a percentage of all property recovered by plaintiff, or through information furnished by him from persons wrongfully withholding it from defendant, it must be shown that the property for the recovery of which compensation is claimed was wrongfully withheld from defendant by others, and that the property has either been recovered by defendant, or it might have been recovered if he had availed himself of the help and information of plaintiff.

4. ATTORNEY AND CLIENT, § 135*—*when evidence insufficient to show that property of client was wrongfully withheld from him by third persons.* In an action by an attorney on a contract for a percentage of all property recovered by plaintiff, or through information furnished by him, from persons wrongfully withholding it from defendant, evidence *held* insufficient to show that certain bonds and money in the savings account of third persons were wrongfully withheld from defendant at the time of the execution of the contract.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.